UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY WHITE,
    Plaintiff,

v.                        Case No.: 3:23cv24634/LAC/ZCB

C. PRATT, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights action under 42 U.S.C. § 1983. Presently before the Court is Plaintiff's amended complaint. (Doc. 7). The Court is statutorily required to screen the pleading to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated "early judicial screening of prisoner complaints"). Having reviewed the amended complaint, the Court believes it should be dismissed for failure to state a claim upon

1

which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).[1]

## I. Background

Plaintiff names Lieutenant C. Pratt, a correctional officer at Santa Rosa Correctional Institution, as the sole Defendant. (Doc. 7 at 2). Plaintiff alleges that on August 17, 2023, Defendant Pratt slammed Plaintiff onto the ground because Defendant Pratt lied and said Plaintiff spit on him. (*Id*. at 5). Plaintiff claims that if you watch video footage of the incident, it will show that he did not try to spit on Defendant Pratt. (*Id*.). Plaintiff claims he was then placed on heightened security "for no reason" and on a "loft." (*Id*.). Plaintiff asserts he never received a disciplinary report for the incident with Defendant Pratt. (*Id*.).

Plaintiff also claims Defendant Pratt threw away his property, even though Plaintiff was not on property restriction. (*Id*. at 5-6). Plaintiff

---

[1] Plaintiff was provided with an opportunity to amend his complaint when a prior version was found deficient. (Doc. 6). The Court pointed out deficiencies in Plaintiff's complaint and instructed him to correct them in an amended complaint. (*Id*.). Although Plaintiff has filed an amended complaint, he has still failed to plausibly allege claims against Defendants. Thus, dismissal of Plaintiff's complaint is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

alleges he filed a grievance over the taking of his property, but Defendant Pratt allegedly "falsified documents" by lying "on his grievance response." (*Id.* at 6). The response to his formal grievance over his property stated that Plaintiff "damage[d] his own stuff," which Plaintiff contests. (*Id.* at 6-7).

Plaintiff alleges Defendant Pratt violated the Eighth Amendment by using excessive force against him and throwing away his property. (*Id.* at 9). For relief, Plaintiff wants his "property restored" and the cost of his legal paperwork in his state murder case (which cost him $1.00 per page). (*Id.*).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III.   Discussion

Plaintiff alleges Defendant Pratt violated the Eighth Amendment by using excessive force on him and throwing away his property. The Eighth Amendment "prohibits the unnecessary and wanton infliction of pain." *Thomas v. Bryant*, 614 F.3d 1288, 1303 (11th Cir. 2010) (cleaned up). The "core judicial inquiry" for an Eighth Amendment excessive force

claim in a prison setting is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (cleaned up). However, "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

Plaintiff has failed to plausibly allege an excessive force claim. Plaintiff alleges that Defendant Pratt "slammed [him] on the floor for no reason." (Doc. 7 at 5). Plaintiff says Defendant Pratt lied and said the force was used because Plaintiff spit on him. (*Id.*). The bare-bones allegations that Defendant Pratt "slammed" Plaintiff onto the floor, without any further description, is too vague and conclusory to state an excessive force claim. But even if it was enough, the attack was no more than a "*de minimis* use[] of physical force." *Hudson*, 503 U.S. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (cleaned up)). First, the type of force allegedly used by Defendant Pratt was not "of a sort repugnant to the conscience of mankind." *Id*. at 10. Second, Plaintiff has

5

alleged no injuries as a result of Defendant Pratt's actions. This indicates that the amount of force used was minimal. *See Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) ("An inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim."); *Chisholm v. Fazion*, No. CV417-234, 2018 WL 7049391, at *2 (S.D. Ga. Nov. 5, 2018), *adop't* 2019 WL 208885 (Jan. 15, 2019) ("While a plaintiff need not suffer a 'significant injury' to plead an excessive force claim, simply being 'grabbed' and 'slung around' without *any* injury amounts to no more than a *de minimis* use of force."); *see also Burke v. Bowns*, 653 F. App'x 683, 697-98 (11th Cir. 2016) (holding that defendant slamming plaintiff "face-first" into the ground while plaintiff was "fully restrained" after defendant believed plaintiff sneezed on him was a *de minimis* use of force). Accordingly, Plaintiff's excessive force claim is due to be dismissed.

Moreover, Plaintiff's allegations about his lost or damaged property are not cognizable under § 1983. The Constitution is not offended when a state employee intentionally deprives a prisoner of his property if the state provides him with a meaningful post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Jackson v. Hill*, 569 F. App'x

6

697, 698 (11th Cir. 2014); *Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) ("Regarding deprivation of property, a state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available."). Plaintiff has an available, adequate post deprivation remedy under state law. "Under Florida law, [a plaintiff] can sue the officers for the conversion of his personal property." *Jackson*, 569 F. App'x at 698. "Furthermore, Florida Statutes § 768.28 (1993) provides a tort remedy for the alleged deprivation of Plaintiff's property." *Griffin v. McNeil*, No. 3:10cv545, 2011 WL 5520050, at *4 (N.D. Fla. Oct. 11, 2011) (dismissing inmate's constitutional claim regarding the confiscation of his personal property). As such, Plaintiff has failed to state a § 1983 claim for loss or damage to his personal property.

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 7) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).

2.  The Clerk of Court be directed to close this case.

At Pensacola, Florida this 5th day of February 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.